UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO,

               Plaintiff,

v.                                          Case No. 3:20-cv-418-J-39PDB

BAKER COUNTY SHERIFF'S
OFFICE, et al.,

               Defendants.

_____

## ORDER

### I. Status

       Plaintiff, Hamza Maldonado, a federal inmate, is proceeding pro se on a complaint for the violation of civil rights (Doc. 1-1; Compl.), which he filed in state court. Defendants removed the action to this Court (Doc. 1) and filed a motion to dismiss the complaint (Doc. 4; Motion). Plaintiff filed three responses opposing the motion (Docs. 8-10). Additionally, Plaintiff moves the Court to remove adversary counsel (Doc. 26), to deny Defendants qualified immunity (Doc. 27), and for an extension of time and appointment of counsel (Docs. 31, 32).

### II. Plaintiff's Motions

       Despite having been advised of his obligation to comply with the Court's Local Rules and the Federal Rules of Civil Procedure, see Order (Doc. 6),

Plaintiff's motions are facially deficient because they do not include a memorandum of law. See M.D. Fla. R. 3.01(a) ("in a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request.").[1] Additionally, Plaintiff improperly designates one motion (Doc. 31) as an emergency, and he twice asks for an extension of time to respond to Defendants' motion to dismiss (Docs. 31, 32), despite him having responded to the motion and being under no current deadline in this action.

Plaintiff's motions are due to be stricken for his non-compliance with the Rules, and he should know that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." See M.D. Fla. R. 3.01(e).

### III. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] In his motions, Plaintiff also reiterates some of the points he makes in opposition to Defendants' motion to dismiss.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Gill as Next Friend of K.C.R. v. Judd</u>, 941 F.3d 504, 511 (11th Cir. 2019) (quoting <u>Iqbal</u>, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

### IV. Complaint Allegations

Plaintiff filed his complaint in the Circuit Court of the Eighth Judicial Circuit, in and for Baker County, Florida, on March 26, 2020, and he obtained

leave to proceed in forma pauperis in that court. At the time, Plaintiff was a detainee at the Baker County Detention Center.[2]

Plaintiff's complaint is somewhat confusing because he includes extraneous facts and does not set forth his allegations plainly. However, the gravamen of his complaint is that Defendant Rhoden retaliated against him for exercising "his First Amendment rights by filing grievances."[3] See Compl. at 10. According to Plaintiff, Defendant Rhoden denied him the use of the telephone on two days in March 2020; denied him extra time in the law library; denied him the ability to "seek remedy with a shift supervisor"; threatened him with physical harm; and discriminated against him by segregating black and white inmates from going to the law library together. Id. at 7, 8.

Plaintiff names the Detention Center as a Defendant because it employed Defendant Rhoden. Id. at 3. He names the Sheriff's Office because it has "supervisory responsibility for the policies and procedures of the Baker

---

[2] Plaintiff is now housed at Tallahassee Federal Correctional Institution.

[3] Plaintiff also asserts Defendant Rhoden retaliated against him for having filed other lawsuits and because he is Muslim and African American. See Compl. at 4, 6. Plaintiff does not allege he sued Defendant Rhoden in any other civil actions and only says in passing that he believes Defendant Rhoden discriminated against him, so it appears these allegations are not relevant to his primary claim that Defendant Rhoden retaliated against him for engaging in protected speech.

County Detention Center." Id. As relief, Plaintiff seeks nominal, compensatory, and punitive damages. Id. at 11.

## V. Analysis

Defendants move to dismiss the claims against them for the following reasons: (1) Plaintiff is a three-strikes litigant and is, therefore, barred from proceeding in this Court under the Prison Litigation Reform Act (PLRA); (2) the Sheriff's Office and Detention Center are not legal entities subject to suit; (3) Defendant Rhoden is immune from suit in his official capacity; (4) Defendant Rhoden is entitled to qualified immunity in his individual capacity; and (5) Plaintiff's complaint does not satisfy federal pleading standards. See Motion at 2, 10-11, 13.

In response, Plaintiff says the three-strikes bar under the PLRA does not apply to him because Defendants removed the case to this Court and paid the filing fee; the PLRA in general does not apply because when Plaintiff filed his complaint, he was a "detainee," not a "prisoner"; and the federal pleading standards do not apply because he initiated the action in state court. See Doc. 8 at 7, 8.[4]

---

[4] Whether the three-strikes bar applies will be addressed below. However, the Court notes that the PLRA liberally defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 28 U.S.C. § 1915(h). The Court agrees Plaintiff cannot be penalized for failing to

## A. Three Strikes

Defendants argue this case should be dismissed outright because Plaintiff, who is a self-proclaimed three-strikes litigant, has attempted to circumvent the PLRA's three-strikes bar by filing his complaint in state court. See Motion at 7, 10. Plaintiff counters that the three-strikes bar does not apply because he did not file his complaint in federal court, nor has he moved to proceed in forma pauperis in this Court, and Defendants paid the filing fee. See Doc. 8 at 8.

The Court acknowledges and respects that a jurist of this Court recently dismissed another of Plaintiff's cases that was removed from state court, finding the three-strikes bar applies and revoking Plaintiff's in forma pauperis status granted by the state court. See Order (Doc. 40), Case No. 3:20-cv-193-J-25PDB.[5] Other district judges in the Eleventh Circuit and elsewhere have taken a similar approach, finding three-strikes litigants who initiate their federal claims in state court should not be permitted to circumvent the PLRA's bar to proceeding in forma pauperis. In such instances, the courts reason, three-strikes litigants essentially are benefitting from in forma pauperis status

---

comply with federal pleading standards given he filed his complaint in state court.

[5] Plaintiff has appealed the Court's Order dismissing that case. See Notice of Appeal (Doc. 50), Case No. 3:20-cv-193-J-25PDB.

because they avoid paying the filing fee in the state court and the district court. See, e.g., Toney v. Courtney, No. 3:16CV418-LC-CJK, 2017 WL 4229068, at *6 (N.D. Fla. Aug. 30, 2017), report and recommendation adopted, No. 3:16CV418-LC-CJK, 2017 WL 4226508 (N.D. Fla. Sept. 22, 2017) (revoking the state court's grant of leave to proceed as a pauper because the plaintiff was a three-strikes litigant); Harris v. Fla. Dep't of Corr., No. 4:14cv575-RH/GRJ, 2015 WL 1729474, at *4-5 (N.D. Fla. Apr. 14, 2015) (finding "compelling reasons for applying the three strikes bar" because the plaintiff was proceeding in forma pauperis, albeit as granted by the state court); Riggins v. Corizon Med. Servs., No. CIV.A. 12-0578-WS-M, 2012 WL 5471248, at *2 (S.D. Ala. Oct. 19, 2012), report and recommendation adopted, No. CIV.A. 12-0578-WS-M, 2012 WL 5470892 (S.D. Ala. Nov. 9, 2012) ("[N]ot to apply the 'three-strikes' rule to [the] removed state court action would allow [the plaintiff] to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to [the district court]."); Bartelli v. Beard, No. 3:CV-08-1143, 2008 WL 4363645, at *5 (M.D. Pa. Sept. 24, 2008) ("[I]f [the plaintiff] were allowed to proceed in [the district court] after his case was removed, he would essentially be proceeding under the in forma pauperis privilege since, at no time, has he paid the filing fee.").

On the other hand, some district courts have concluded the three-strikes provision does not bar a prisoner from proceeding in federal court when the

prisoner initiated the action <u>in</u> <u>forma</u> <u>pauperis</u> in state court and the defendant removed the action. <u>See, e.g.</u>, <u>Abreu v. Kooi</u>, No. 9:14-CV-1529 (GLS/DJS), 2016 WL 4702274, at *4 (N.D.N.Y. Aug. 4, 2016), <u>report and recommendation</u> <u>adopted</u>, No. 9:14-CV-1529 (GLS/DJS), 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016) (reasoning a three-strikes litigant who initiates an action in state court is not "circumventing" the PLRA, even if removal is foreseeable, "because the PLRA does not address prisoner filings in state court"); <u>Johnson v. Rock</u>, No. 9:14-CV-815 (DNH/ATB), 2014 WL 7410227, at *6 (N.D.N.Y. Dec. 31, 2014) ("These cases [applying the three-strikes bar] ignore the fact that the plaintiff did not choose to bring the action in federal court, and the defendants paid the filing fee."); <u>Bailey v. Suey</u>, No. 2:12-CV-01954-JCM, 2014 WL 3897948, at *3 (D. Nev. Aug. 11, 2014) (stressing the defendants "elect[ed] to pay the filing fee and remove the matter to federal court"); <u>Howard v. Braddy</u>, No. 5:12-CV-404 (MTT), 2013 WL 5461680, at *4 (M.D. Ga. Sept. 30, 2013) (reasoning § 1915(g) did not apply because the defendants paid the filing fee, meaning the case was not proceeding under the <u>in</u> <u>forma</u> <u>pauperis</u> provision of the PLRA).[6]

The only circuit court to squarely address this issue is the Tenth. <u>See</u> <u>Woodson v. McCollum</u>, 875 F.3d 1304 (10th Cir. 2017). In <u>Woodson</u>, the court

---

[6] <u>See also</u> <u>Dotson v. Shelby Cty.</u>, No. 13-2766-JDT-tmp, 2014 WL 3530820, at *5 (W.D. Tenn. July 15, 2014) (citing cases in which courts have permitted three-strikes litigants to proceed in removed cases).

ruled the three-strikes bar does not apply to removed actions because Congress enacted § 1915(g) "to deter prisoners from filing meritless lawsuits in <u>federal</u> court." <u>Id.</u> at 1307 (emphasis in original). The Eleventh Circuit has not yet ruled on this issue but has come close. <u>See</u> <u>Lloyd v. Benton</u>, 686 F.3d 1225 (11th Cir. 2012). The plaintiff in <u>Lloyd</u> initiated the action in state court, and the defendants removed it. <u>Id.</u> at 1226. The plaintiff was a three-strikes litigant under the PLRA, and the district court found that "allowing [him] to proceed in federal court would contravene" the PLRA. <u>Id.</u> Instead of requiring the plaintiff to pay the filing fee or dismissing the case under § 1915(g), however, the district court chose to remand the action. <u>Id.</u> at 1227.

The Eleventh Circuit vacated the district court's remand order because under 28 U.S.C. §§ 1331, 1441(a), and 1446(a)-(b), the district court had subject matter jurisdiction over the action despite the plaintiff having been a three-strikes litigant. <u>Id.</u> at 1227-28 (citing with approval <u>Lisenby v. Lear</u>, 674 F.3d 259, 262 (4th Cir. 2012)). The court declined to decide whether the district court should dismiss the action because of the plaintiff's three-strikes status but cautioned that district courts may not take action that "seem[s] justifiable to them but which are not recognized by the controlling statute." <u>Id.</u> at 1228.[7]

---

[7] On remand, the district court dismissed the case on other grounds, not reaching the issue whether the three-strikes bar should apply. <u>See</u> Order (Doc. 51), Case No. 3:10-cv-559-J-32JRK (dismissing the case for the plaintiff's abuse of judicial process).

While the Eleventh Circuit was interpreting different statutory provisions in <u>Lloyd</u>, this Court finds the cautionary rationale persuasive. Here, the controlling statute provides in pertinent part as follows:

> In no event shall a prisoner <u>bring</u> a civil action or appeal a judgment in a civil action or proceeding <u>under this section</u> if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915(g) (emphasis added). The "section" under which this provision is found is titled, "Proceedings in forma pauperis." <u>Id.</u> § 1915. This section permits "any court of the United States" to authorize the commencement of a civil action without prepayment of the filing fee, if the plaintiff shows evidence of his indigency. <u>Id.</u> § 1915(a)(1). Subsection (g), the "three-strikes rule," revokes this privilege for those prisoners who have had three cases dismissed as frivolous, malicious, or for failure to state a claim. <u>Id.</u> § 1915(g).

In this case, Plaintiff did not "bring" this action in a court of the United States; he initiated the action in a state court. Defendants chose to remove the action to this Court, as is their right. Even though the state court granted Plaintiff leave to proceed as a pauper, Plaintiff did not "bring" this action under § 1915. Indeed, upon removal, Defendants paid the filing fee in this Court. The three-strikes bar, according its plain language, simply does not apply. <u>See, e.g.,</u>

<u>Gay v. Chandra</u>, 682 F.3d 590, 596 (7th Cir. 2012) (recognizing the three-strikes provision under the PLRA "does not apply in state courts").

Not only does the plain language of the statute militate against the interpretation Defendants advance, but the purpose of § 1915(g) does as well: this provision was meant to curb frivolous filings by prisoners by denying them the privilege of commencing—not prosecuting—an action in federal court without prepayment of the filing fee. See <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1195 (11th Cir. 2011) ("Congress enacted the PLRA 'to reduce the number of frivolous cases filed by imprisoned plaintiffs.'"). <u>See also</u> <u>Skinner v. Switzer</u>, 562 U.S. 521, 535 (2011) (noting Congress enacted the PLRA to "prevent sportive filings in <u>federal court</u>," in part by denying abusive prisoner-litigants the privilege of proceeding <u>in forma pauperis</u> under § 1915 (emphasis added)).

Section 1915(g) does not absolutely bar abusive prisoner-litigants from proceeding in federal court. It only bars those prisoners from commencing an action without prepayment of the filing fee unless they allege facts showing they are in imminent danger of serious physical injury. If Congress intended the three-strikes bar to apply in actions commenced in state court and removed to federal court, such a limitation would have been written into the statutory framework. It was not.[8]

---

[8] Practically speaking, applying the three-strikes bar in removed actions could invade the province of state legislatures to the extent they have chosen

After careful consideration, the undersigned is not persuaded the PLRA's three-strikes bar applies when a prisoner properly initiates an action in state court and the defendants thereafter remove it to federal court and pay the filing fee. To be clear, a three-strikes litigant who files his civil rights action in state court is, in a manner of speaking, "circumventing" the three-strikes bar. But, because that bar applies only to actions proceeding in forma pauperis in federal court, such a litigation strategy is permissible unless and until Congress or state legislatures say otherwise. Plaintiff did not commence his action in this Court, so § 1915 is not implicated. As the Tenth Circuit said of the defendants in the Woodson case, it was not Plaintiff who sought the federal forum or who chose to "burden the federal courts"; Defendants did. See 875 F.3d at 1307.

---

not to adopt a provision similar to § 1915(g) to address abusive prisoner litigation. See, e.g., Howard v. Braddy, No. 5:12-CV-404 MTT, 2013 WL 5461680, at *4 (M.D. Ga. Sept. 30, 2013) (noting the defendants' decision to remove the case was puzzling given Georgia has adopted a "three-strikes provision almost identical to the federal provision"). See also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314-15 (3d Cir. 2001) (noting three-strikes litigants "may seek relief in state court, where limitations" on proceeding in forma pauperis "may not be as strict" as they are under the PLRA); Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998) ("The plaintiff, despite being barred from bringing his present § 1983 claims in federal court as an indigent, still had available to him at the time of the initial filing the opportunity to litigate his federal constitutional causes of action in forma pauperis in state court.").

## B. Claims Against Entities

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual person, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992). In Florida, a sheriff's office is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of the Monroe County Sheriff's Office). See also Herrera v. Rambosk, No. 2:17-cv-472-FtM-29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)); Monroe v. Charlotte Cty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

It appears the Baker County Sheriff's Office and the Baker County Detention Center are one and the same. Regardless, a sheriff's office, jail, or detention center is not an entity subject to suit under Florida law. As such, these Defendants are due to be dismissed from this action.

## C. Claims Against Defendant Rhoden

Plaintiff contends he brings claims against Defendant Rhoden both in his individual and official capacities. See Compl. at 3. When a plaintiff sues a governmental actor in his official capacity, the action is one against the entity the actor represents. Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999). Because an official-capacity claim against Defendant Rhoden essentially is an action against the entity for which he works, and because the Sheriff's Office is not amenable to suit, the official-capacity claim against Defendant Rhoden is due to be dismissed.

As to the individual-capacity claims against him, Defendant Rhoden invokes qualified immunity. See Motion at 11-12. An official sued in his individual capacity "is entitled to qualified immunity for his discretionary actions unless he violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Black v. Wigington, 811 F.3d 1259, 1266 (11th Cir. 2016) (quoting Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009)). Qualified immunity allows government employees to exercise their official duties without fear of facing personal liability. Alcocer v. Mills, 906 F.3d 944, 951 (11th Cir. 2018). The doctrine protects all but the plainly incompetent or those who knowingly violate an inmate's constitutional rights. Id. In other words, "[q]ualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably

misapprehends the law governing the circumstances [he] confronted." Taylor v. Riojas, 141 S. Ct. 52, 53 (2020) (quoting Brosseau v. Haugen, 543 U.S. 194, 198 (2004)).

Upon invoking qualified immunity, a defendant bears the initial burden to demonstrate he was acting within his discretionary authority at the relevant times. Id. Plaintiff alleges facts that demonstrate Defendant Rhoden was acting within the scope of his discretionary duties at the relevant times. As such, the burden shifts to Plaintiff, who must point to facts that, accepted as true, demonstrate Defendant Rhoden violated a constitutional right that was "clearly established" at the time of the alleged violation. Id.

A liberal construction of Plaintiff's complaint suggests he alleges two claims under the First Amendment: retaliation and a denial of access to the courts. An inmate who suffers adverse consequences as a result of submitting grievances about his conditions of confinement demonstrates a First Amendment violation. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To state an actionable retaliation claim, a plaintiff must allege:

> (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech [the grievance].

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (first and third alterations in original).

In their motion to dismiss, Defendants do not directly address Plaintiff's allegations of retaliation under the First Amendment. See Motion at 11-12. Rather, they argue the adverse actions Defendant Rhoden allegedly took against Plaintiff do not themselves constitute constitutional violations. While true, this analysis misses the mark. "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech. The penalty need not rise to the level of a separate constitutional violation." Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989).

Plaintiff alleges he filed grievances against Defendant Rhoden complaining about his access to the law library and about Rhoden's general demeanor toward him. Thereafter, according to Plaintiff, Defendant Rhoden threated him and refused to extend him certain privileges (such as using the phone and having extra time in the law library). While such acts themselves do not amount to constitutional violations, accepting Plaintiff's allegations as true, he was "penalized" for exercising his right to free speech. That is enough to allege the violation of a clearly established constitutional right. Accordingly, Defendant Rhoden is not entitled to qualified immunity at the pleading stage.

Plaintiff, however, does not state a denial-of-access-to-the-courts claim. To state a claim for a denial of access to the courts, a plaintiff must allege an

"actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996); <u>see also</u> <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." <u>Barbour</u>, 471 F.3d at 1225 (citations omitted). Whether a plaintiff suffered "actual injury" is a narrow inquiry, focusing solely on a prison official's interference with nonfrivolous appeals in a criminal case, petitions for habeas corpus, or civil rights actions. <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1332 (11th Cir. 2008).

Plaintiff does not allege Defendant Rhoden's conduct impeded his ability to pursue a non-frivolous claim. He does not, for instance, allege he missed a deadline in a criminal, habeas, or civil rights case.[9] Even more, Plaintiff does not discuss his other lawsuits other than in generalizations. Thus, Plaintiff's claim for a denial of access to the courts is subject to dismissal.

## VI. Conclusion

For the reasons stated, Plaintiff is entitled to proceed in this Court only on his First Amendment retaliation claim against Defendant Rhoden. While Plaintiff's three-strikes status does not bar him from proceeding in this Court, he is reminded of his obligation to comply with the Federal Rules of Civil

---

[9] In fact, the Court takes judicial notice that the civil rights case Plaintiff initiated with another inmate with whom Plaintiff alleges Defendant Rhoden prevented him from working was dismissed for reasons unrelated to Plaintiff's allegations in this case. <u>See</u> Order (Doc. 40), Case No. 3:20-cv-193-J-25PDB.

Procedure and the Local Rule of this Court, which have been revised effective February 1, 2021. The Court cautions Plaintiff that abusive litigation tactics or filings or a continued disregard for Court rules and orders may result in sanctions under Rule 11 of the Federal Rules of Civil Procedure, including dismissal of the action.

Accordingly, it is now

**ORDERED**:

1.      Defendants' Motion to Dismiss (Doc. 4) is **GRANTED in part** and **DENIED in part**. The motion is **granted** to the extent Plaintiff's claims against Defendants Baker County Sheriff's Office and the Baker County Detention Center are dismissed, and Plaintiff's access-to-court claim against Defendant Rhoden is dismissed. In all other respects, the motion is **denied**.

2.      Defendant Rhoden must answer Plaintiff's complaint within **twenty days** of the date of this Order.

3.      Plaintiff's motions (Docs. 26, 27, 31, 32) are **STRICKEN** for Plaintiff's failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of

January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Hamza Maldonado
Counsel of Record

19