UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO,

       Plaintiff,

v.                                                                  Case No. 3:20-cv-418-BJD-PDB

WYATT RHODEN,

       Defendant.

_____

## **ORDER**

    1.    For the reasons stated previously, Doc. 23, the Court **denies without prejudice** the plaintiff's motions to ask a lawyer to represent him without charge, Docs. 41, 42. The pandemic-related issues he describes do not change the analysis; other litigants are likewise situated, and he has actively litigated despite those issues.

    2.    The plaintiff asks the presiding district judge to remove the undersigned from his pending civil actions and to restore his stricken motions, Doc. 42.[1] The plaintiff includes no "legal memorandum supporting his

---

[1]A judge who is asked to recuse herself should rule on the motion. See 28 U.S.C. § 455(a), (b)(1) (requiring judges to disqualify themselves under certain circumstances). See also Johnson v. Stein Mart, Inc., No. 306-CV-341-J-34TEM, 2009 WL 1424214, at *1 n.1 (M.D. Fla. May 20, 2009) (citing In re Corrugated Container Antitrust Litig., 614 F.2d 958, 963 n.9 (5th Cir. 1980)).

request[s]." See M.D. Fla. R. 3.01(a). The motion is denied for that reason. Alternatively, the motion is denied on the merits.

A judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," such as "[w]here she has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). The standard for disqualification is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," though they may in rare circumstances, such as when a judge's ruling displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

A judge is not biased against a civil litigant merely because the judge participated in a criminal action involving the same litigant or related facts. In re Corrugated Container Antitrust Litig., 614 F.2d 958, 966 (5th Cir. 1980) (holding a district judge's evidentiary rulings in a related criminal matter would not "cause a reasonable third party to question his impartiality in the [later] civil litigation" over which he was the presiding judge); see also Christo v. Padgett, 223 F.3d 1324, 1334 (11th Cir. 2000) ("The mere fact of having presided over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties.").

The plaintiff asserts the undersigned is biased against him because she issued unfavorable rulings on non-dispositive motions in this action and is "presiding over [his] . . . criminal case" pending before this Court, Doc. 42 at 1. The undersigned's involvement in the plaintiff's criminal case would not "cause

a reasonable third party to question [her] impartiality" in this action, see In re Corrugated Container, 614 F.2d at 966 (quoted), and the undersigned's rulings do not demonstrate a "a deep-seated favoritism or antagonism that would make fair judgment impossible," see Liteky, 510 U.S. at 555. The undersigned **denies** the plaintiff's motion to disqualify her, Doc. 42.

The plaintiff asks the Court to "restore" stricken motions; specifically, his motion to appoint counsel, Doc. 34, and his motion to docket exhibits and affidavits, Doc. 35. The plaintiff has renewed his motion to appoint counsel, Docs. 41, 42, and the Court rules on his renewed motions in this order. The plaintiff's request to provide evidence is premature because neither party has filed a motion that would require the Court to consider supporting evidence. The Court therefore **denies** as moot the plaintiff's request to "restore" stricken motions.

**Ordered** in Jacksonville, Florida, on April 7, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Jax-6 3/30
c:
Hamza Maldonado
Counsel of Record